In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-527 CV


____________________



IN RE TYRELL GARTH, ROBERT VERDE, 


MIKE FULJENZ AND ED HEIN






Original Proceeding






 OPINION 


 This dispute involves Mary Ann Kaiser's discovery requests in which she sought to
discover the net worth information of certain individuals in a civil case. In addition to the
claims she asserts against the individual defendants, she also seeks punitive damages.
Relators are individuals that served in various capacities for entities that are also defendants
in Kaiser's lawsuit. 

 It appears that only one of these individuals, Ed Hein, had direct contact with Kaiser
during the transactions that form the basis of Kaiser's underlying lawsuit. The punitive
damages that Kaiser seeks to recover against Tyrell Garth, Robert Verde, and Mike Fuljenz
are premised upon her claim of conspiracy. 

 In their petition seeking a writ of mandamus, Relators assert that Kaiser's pleadings
are insufficient to allow a punitive damages claim to be submitted against them. As a result,
they contend they should not be required to produce their net worth information in discovery. 
Relators further contend that Kaiser should be required to make a prima facie showing
regarding her conspiracy claims before they are subjected to the discovery of their net worth
information. Relators do not assert that Kaiser's discovery requests are insufficiently
specific, overly broad, or that complying with her requests would be unduly burdensome. 
Included among Kaiser's requests for production are requests for each of the individual's tax
returns. 

 The trial court held two hearings on Kaiser's motion to compel discovery. At the
second hearing, Kaiser argued that she was not required to make a prima facie case on her
conspiracy claim in order to obtain discovery of the respective individual's net worth
information. Kaiser presented no evidence at the hearing. Except for their request that the
trial court judicially notice Kaiser's First Amended Petition, the individuals also presented
no evidence at the two hearings concerning their objections to Kaiser's discovery requests. 

 First, we discuss whether Kaiser's pleadings are sufficient to support the admission
of evidence on a claim for punitive damages against the individual defendants. Relators
argument is premised on the contention that Kaiser's pleadings are insufficient to give them
fair notice of the factual bases of her claims. 

 At the time the trial court entered its order, Plaintiff's First Amended Petition was the
pleading before the court. Although very broad, the First Amended Petition clearly alleges
a conspiracy by the individual defendants, asserts that they committed overt acts, and seeks
punitive damages against them. Although the individuals assert they filed special exceptions
to the First Amended Petition, the record before us does not include their special exceptions
or reflect that the trial court heard them. Because the respective individual's special
exceptions are not in the record, we cannot determine whether they made any complaint
regarding the sufficiency of Kaiser's allegations about their involvement in the alleged
conspiracy.

 Our rules regarding pleading a claim require that the petition provide "fair notice" to
the defendant of the plaintiff's claims. Tex. R. Civ. P. 45(b) and 47(a). Where a party fails
to create a record demonstrating a complaint consistent with the one asserted on appeal, we
follow the rule that pleadings are construed liberally in favor of the party that filed the
pleadings. See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000). 
"A court should uphold the petition as to a cause of action that may be reasonably inferred
from what is specifically stated, even if an element of the cause of action is not specifically
alleged." Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993). Because we construe Kaiser's
pleadings in her favor, we hold that her pleadings are sufficient to notify the individual
defendants that she sought to hold them liable for punitive damages through a conspiracy
theory. Based on the claims made in Kaiser's First Amended Petition, we hold the
individuals had fair notice that the trial court would admit testimony regarding their net
worth. See Auld at 896-97.

 We next turn to the individuals' argument that a prima facie showing of a conspiracy
was necessary before Kaiser could discover their net worth. Currently, Texas law does not
require that a prima facie showing be made before a trial court can exercise its discretion to
order the production of documents relevant to a damage claim asserted by the plaintiff in a
plaintiff's pleadings. With respect to the discovery on net worth, our Supreme Court held
in Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex. 1988) that:

 Our rules of civil procedure and evidence do not require similar practices [i.e.,
that a prima facie right to punitive damages be established or delaying the
production until the jury hears evidence sufficient to submit a punitive damage
issue] before net worth may be discovered. Absent a privilege or specifically
enumerated exemption, our rules permit discovery of any "relevant" matter;
thus, there is no evidentiary threshold a litigant must cross before seeking
discovery.


 The individual defendants note that the Supreme Court has two mandamus petitions 
pending before it in which it could choose to modify Lunsford. See In re Bottling Group,
L.L.C., No. 06-0754 (Tex. Aug. 28, 2006, order) (not designated for publication); In re
Mariner Health Care of Nashville, Inc., No. 06-0239 (Tex. March 28, 2006, order) (not
designated for publication). While the Supreme Court may choose to change or modify its
prior opinion, we cannot say that the trial court clearly abused its discretion by following the
law as articulated in Lunsford. In re Smith Barney, Inc., 975 S.W.2d 593, 598 (Tex. 1998)
(orig. proceeding). "It is not the function of a court of appeals to abrogate or modify
established precedent." Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds, 80 S.W.3d
580, 585 (Tex. 2002). 

 Likewise, we are not free to disregard the Supreme Court's precedent regarding the
discovery of net worth information. Based on the current state of the law, we hold that the
trial court did not abuse its discretion in ordering the individuals to produce documents that
would show their net worth in response to requests 14, 15, 16, 17, 18, 22, 23, 24 and 54. 
Specifically, with respect to requests 14, 15, 16 and 17, in which the individuals are
requested to produce certain financial statements, the trial court did not abuse its discretion
to the extent that its order required the individuals to produce their balance sheets. To the
extent that the court's order required that the individuals produce more than balance sheets,
for the reasons discussed below, we find that its order exceeded its authority. 

 Next, we address the trial court's order that the individuals produce their tax returns
and other similar documents that would show income and assets. In the transcripts of the two
hearings, we find no explanation in the record regarding why tax returns or documents that
would generally show only the asset side of the net worth equation are relevant to Kaiser's
discovery of each individual's net worth. With respect to the discovery of tax returns, Kaiser
must show how the returns are relevant to the individuals' net worth before the court can
order their production. Hall v. Lawlis, 907 S.W.2d 493, 494 (Tex. 1995). Because tax
returns do not necessarily show an individual's net worth, a tax return is not automatically
discoverable. Chamberlain v. Cherry, 818 S.W.2d 201, 205-06 (Tex. App.-Amarillo 1991,
orig. proceeding) (noting that income tax returns are not necessarily indicative of net worth
because they only show income for each year for which the returns are filed). "[W]hen
financial statements accurately revealing a defendant's net worth are available, income tax
returns are simply not relevant." Id. at 206.

 Generally, a party may obtain discovery regarding any non-privileged matter relevant
to the subject matter of the pending action. Tex. R. Civ. P. 192.3(a). "A party may obtain
discovery of the existence, description, nature, custody, condition, location, and contents of
documents . . . that constitute or contain matters relevant to the subject matter of the action."
Tex. R. Civ. P. 192.3(b). In this case, the trial court's order would require the production of
the individual's balance sheets and these would reflect each of the individual's net worth. 

 While trial courts have discretion concerning the scope of discovery in a case, that
discretion may be abused if the court orders production of discovery that exceeds that
permitted by the rules of procedure. See In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003). 
Here, the trial court's order requiring the production of tax returns exceeded the court's
discretion for two reasons. First, the trial court's order required the production of certain
financial statements regarding the individual's net worth, therefore, additional information
showing only assets would not be relevant. Second, Kaiser failed to show how the tax
returns would evidence the net worth of these individuals. Absent a predicate showing of
relevance on the issue of net worth, the returns are not subject to discovery. Hall, 907
S.W.2d at 495.

 The trial court also ordered the individuals to produce other categories of documents
not necessarily reflective of their net worth. These documents included, but were not limited
to, income statements, bank statements, insurance applications, contracts of assignment,
accounts receivable, data, inventory lists and judgments. We hold that such documents are
subject to the same analysis as the requests for income tax returns. Because these documents
would not necessarily show a person's net worth, they are not presumed relevant. Kaiser
made no record to demonstrate their relevance here, particularly in light of the trial court's
order requiring the production of certain financial statements. Under the Supreme Court's
rationale as explained in Hall, we hold that the trial court also abused its discretion in
ordering the production of income statements, bank statements, insurance applications,
contracts of assignment, accounts receivable, data, inventory lists and judgments. 

 Therefore, with respect to discovery of their tax returns, and similar items that would
not necessarily evidence an individual's net worth, we agree that the trial court exceeded its
authority by ordering the production of these records. We hold the trial court abused its
discretion in overruling the defendants' objections with respect to the requests numbered 19,
20, 21, 25, 26, 27, 32, 33 and 42. 

 In summary, we deny the petition for writ of mandamus with respect to the portion of
the trial court's order requiring the individuals to produce financial statements, specifically
their balance sheets, that show net worth information. We grant the petition with respect to
those portions of the trial court's order that required the individuals to produce further
financial information. With respect to the relief granted herein, the writ will issue only if the
trial court fails to act promptly in accord with this opinion.

 WRIT DENIED IN PART; CONDITIONALLY GRANTED IN PART.

 PER CURIAM

Submitted on December 11, 2006

Opinion Delivered January 18, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.