Opinion filed October 16, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 16,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00220-CV

                                                    __________

 

IN RE HOUSE OF YAHWEH, YISRAYL HAWKINS, AND 

SHANDRA HAWKINS

                                                              



 

                                                Original
Mandamus Proceeding

                                                                              



 

                                                                   O
P I N I O N

In
this mandamus proceeding, House of Yahweh, Yisrayl Hawkins, and Shandra Hawkins
challenge the trial court=s
order compelling them to produce their federal income tax returns and various
financial records.  We conclude that the trial court did not abuse its
discretion by ordering the relators to produce documents showing their net
worth.  However, we also conclude that the trial court erred by ordering the
relators to produce their tax returns and other documents that would not
necessarily evidence their net worth.  Therefore, we conditionally grant in
part the writ of mandamus.

                                                                    Background








Real
party in interest, Michael Wayne Johnson Jr., individually, as next friend of
Allannah Johnson and Lisa Johnson, minors, and as representative of the estate
of Lisa Johnson, brought this wrongful death and survival action against
relators House of Yahweh, Yisrayl Hawkins, and Shandra Hawkins.  Johnson also
named Sherry Hawkins and Melody Boyd as defendants.  Johnson made the following
allegations, among others, in his petition: (1) that Lisa Johnson had been a
religious member of House of Yahweh; (2) that Yisrayl Hawkins was the founder,
leader, and instructor of House of Yahweh and its guidelines and rules; (3)
that, pursuant to the teachings and beliefs of House of Yahweh, members must
use the services of midwives, who are also members of House of Yahweh, in
connection with childbirths; (4) that, on or about August 13, 2006, Lisa
Johnson sought treatment from defendants; (5) that Shandra Hawkins, who was
House of Yahweh=s lead
midwife, and Sherry Hawkins and Melody Boyd, who were also midwives, treated
Lisa Johnson; (6) that, immediately after giving birth, Lisa Johnson began to
experience medical complications and severe bleeding; (7) that defendants
refused to provide Lisa Johnson with further treatment and prevented the use of
any outside medical treatment; (8) that defendants committed negligence and
gross negligence in connection with the care and treatment provided to Lisa
Johnson; and (9) that Lisa Johnson died as a result of  the negligent and
grossly negligent care and treatment.  Johnson further alleged that his damages
were a direct and proximate result of the defendants= negligence and gross negligence.  Johnson
also made the following gross negligence allegations:

Defendants
acted in a grossly negligent manner, in that their actions, when objectively
viewed from their standpoint, involved an extreme degree of risk considering
the probability and magnitude of potential harm they posed to LISA JOHNSON. 
Defendants had actual, subjective awareness of the risk, but proceeded with
conscious indifference to the rights, safety, or welfare of others. 
Accordingly, Plaintiff seeks actual and exemplary damages in an amount within
the jurisdictional limits of the Court.

 

Johnson
served a request for production on relators.  Request Nos. 20-31 sought
production of various types of financial information:

20.
Documents reflecting all property owned by House of Yahweh, Yisrayl Hawkins,
and Shandra Hawkins or in which Defendants have any interest.

 

21.
Copies of all bank account statements for the years 2004, 2005, 2006, 2007 and
2008 through the present for all bank accounts, including but not limited to
savings, checking, money market, Certificates of Deposit, and trust accounts
which were owned by Defendants or for which Defendants, House of Yahweh,
Yisrayl Hawkins or Shandra Hawkins have signatory authority or access to
funds.  

 

22. 
Copies of any and all statements reflecting stock interest or ownership in any
company, corporation or entity by Defendants, House of Yahweh, Yisrayl Hawkins
or Shandra Hawkins.  

 

23.
All record of tithes, made by House of Yahweh members for the years 2004, 2005,
2006, 2007, and 2008 through the present.  








24.  All records
of any and all donations made to the House of Yahweh for the years 2004, 2005,
2006, 2007, and 2008 through the present.

 

25. A copy of
Defendants= income tax
returns for the years 2004 to the present.  

 

26. All
documents that evidence or reflect assets held by Defendants, House of Yahweh,
Yisrayl Hawkins and Shandra Hawkins.  

 

27. All
documents that evidence or reflect Defendants, House of Yahweh, Yisrayl Hawkins
and Shandra Hawkins[=s]
net worth.  

 

28.  A copy of
Defendants, House of Yahweh, Yisrayl Hawkins and Shandra Hawkins[=s] balance sheet(s) for the
years 2004, 2005, 2006 and 2007.  

 

29.  Any and all
of the following documents prepared internally by you, your operations staff or
by an independent accountant for use in the management or administration of
House of Yahweh, compiled on a periodic, interim, or annual basis at any time
in 2004 through the present: (a) Prospectuses of Future Earnings;
(b) Proforma or Forecasted Income Statements; (c) Proforma or Forecasted
Balance Sheets; (d) Projected Financial Statements of any kind reflecting the
financial expectations and goals of Defendant; (e) All Proforma Financial
Statements required by SEC to be prepared by and issued for Defendant; (f)
Budget Forecasts; and (g) Cash Forecasts.

 

30.  All
documents which contain evaluations, grades, assessments or analyses of
financial performance by House of Yahweh during the years 2004 through the
present.  

 

31.  Any and all
internal correspondence relating to the profitability of House of Yahweh as
well as the specific profitability of House of Yahweh in 2004 through the
present.  This request includes, but is not limited to, all internal
correspondence from central office staff, accountants or analysts to management
or from management to any employee.  Further, this request includes any
analyses, studies, reports or action directives which relate to any reduction
of operational expenses by Defendant. 

 

Relators lodged
a number of objections to each of the above requests, including objections that
the requests were overly broad, unduly burdensome, and sought the discovery of
information that was not relevant and not reasonably calculated to lead to the
discovery of admissible evidence.

Johnson filed a motion to compel relators to respond to
the requests for production.  On July 2, 2008, the trial court held a
hearing on the motion.  The following exchange took place:








[RELATORS= COUNSEL]:  Now, we have
[Request Nos.] 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, are all
net-worth information for which my clients have a high sensitivity to, and we=ll probably need to go
through the objections one by one and get rulings on each of those, and I can B we can do it by a couple
of categories, I think.  There are a bunch of them that fall into just Agive us a list of all of
your assets, the property you own, the stocks you own,@ things like that.  Then there=s also tax returns and then
there=s what I would
call tithing or other forms of gross sales or gross receipts records, which I=d say those are kind of the
three main categories that there are other than your traditional documents that
would show net worth.

  

[THE COURT]:  Mr.
Burke [Johnson=s
counsel], have you alleged gross negligence?

 

[JOHNSON=S COUNSEL]:  We have, Your
Honor.

 

[THE COURT]: 
All right. I=m going
to make it simple.  I=m
ordering you to respond to every one of those.  I believe they=re discoverable. 
Everything, 20 through 31 should be responded to fully.

 

[RELATORS= COUNSEL]:  Without hearing
argument because I B 

 

[THE COURT]:  I
don=t need to hear
argument.

 

[RELATORS= COUNSEL]:  Okay.

 

[THE COURT]: 
Gross has been alleged.  They need to be produced.  All right?

 

[RELATORS= COUNSEL]: All right.     

 

On
July 28, 2008, the trial court entered an order on Johnson=s motion to compel.  In the
order, the trial court overruled relators=
objections to Request Nos. 20-31 and ordered the relators to fully respond to
the requests Awithin
thirty (30) days of the signing of this order.@ 
On August 12, 2008, relators filed their petition for writ of mandamus.[1] 
Relators seek mandamus relief to compel the trial court (1) to vacate its order
compelling them to produce documents responsive to Request Nos. 20-31 and (2)
to sustain their objections to Request Nos. 20-31.

                                                     Issues Presented








Relators
present three issues for review.  In their first and second issues, they assert
that the trial court erred (1) by compelling the production of tax returns and
(2) by compelling the production of tithing and donation records.  In their
third issue, they contend that Johnson should have been required to establish a
prima facie case of gross negligence before discovering net worth information
and that, even if net worth information is discoverable, the trial court erred
by compelling production of financial information without limitations or
protections.

                                                              Standard
of Review

Mandamus
relief is appropriate only if the trial court abused its discretion or violated
a legal duty and if there is no adequate remedy at law.  In re Dana Corp.,
138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court=s ruling that requires
production beyond what our procedural rules permit is an abuse of discretion.  In
re Dana Corp., 138 S.W.3d at 301.  Mandamus will issue to correct a
discovery order when the mandamus record establishes that the order constitutes
a clear abuse of discretion and that there is no adequate remedy by appeal.  In
re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig.
proceeding).  Mandamus relief may be justified when the appellate court would
not be able to cure the trial court=s
discovery error, such as when privileged information would be revealed.  Walker,
827 S.W.2d at 843-44.

                                                 Discovery
of Net Worth Information

Johnson
has alleged gross negligence claims against relators.  Exemplary damages are
recoverable for gross negligence claims.  See Tex. Civ. Prac. & Rem. Code Ann. ' 41.003(a)(3) (Vernon 2008).  Information
regarding net worth is discoverable in cases in which exemplary damages may be
awarded.  Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex. 1988) (orig.
proceeding), overruled on other grounds by Walker, 827 S.W.2d at
842; In re W. Star Trucks US, Inc., 112 S.W.3d 756, 763 (Tex. App.CEastland 2003, orig.
proceeding).  A party seeking discovery of net worth information is not
required to make a prima facie showing of a right to recover exemplary damages
before discovery is permitted.  Lunsford, 746 S.W.2d at 473; Al
Parker Buick Co. v. Touchy, 788 S.W.2d 129, 131 (Tex. App.CHouston [1st Dist.] 1990,
orig. proceeding).  Therefore, we reject relators=
contention that Johnson should be required to make a prima facie showing of a
right to recover exemplary damages before obtaining discovery of their net
worth.  Based on Lunsford and its progeny, Johnson is entitled to
discover net worth information based on the gross negligence allegations in his
petition.  








The
trial court ordered relators to produce A[a]ll
documents that evidence or reflect [relators=]
net worth@ in response
to Request No. 27.  The trial court did not abuse its discretion by ordering
the production of documents that are relevant and material to prove relators= net worth.  In re
Brewer Leasing, Inc., 255 S.W.3d 708, 712 (Tex. App.CHouston [1st Dist.] 2008, orig. proceeding). 
However, the use of the word Aall@ in Request No. 27 may make
it overly broad because relators should only be required to produce documents
sufficient to show their net worth.  The trial court ordered relators to
produce copies of their balance sheets for the years 2004, 2005, 2006, and 2007
in response to Request No. 28.  To the extent that balance sheets show net
worth information, they are relevant to the net worth issue and discoverable.  In
re Garth, 214 S.W.3d 190, 193-94 (Tex. App.CBeaumont
2007, orig. proceeding).  However, the trial court erred in failing to limit
discovery to relators=
current balance sheet because earlier balance sheets would not be relevant to
relators= current net
worth.       

A
trial court abuses its discretion by ordering the production of financial
records that would not necessarily evidence net worth.  In re Brewer
Leasing, Inc., 255 S.W.3d at 712; In re Garth, 214 S.W.3d at 194. 
The trial court ordered relators to produce many categories of documents that
are not necessarily reflective of net worth.  These documents included property
lists (Request No. 20), bank statements (Request No. 21), stock ownership
statements (Request No. 22), tithing records (Request No. 23), donation records
(Request No. 24), income tax returns (Request No. 25), asset lists (Request No.
26), income and budget forecasts (Request No. 29), evaluations of financial
performance (Request No. 30), and correspondence relating to House of Yahweh=s profitability (Request
No. 31).  No evidence was offered at the hearing on Johnson=s motion to compel. 
Therefore, the record contains no explanation as to how documents showing only
the asset side of the net worth equation, such as tax returns, income lists,
and property lists, as opposed to documents showing assets and liabilities,
would be relevant to the discovery of relators=
net worth.  See Chamberlain v. Cherry, 818 S.W.2d 201, 205-06 (Tex. App.CAmarillo 1991, orig.
proceeding) (While a tax return shows income for the year in which it is filed,
it does not disclose the net worth of the taxpayer.).  The trial court exceeded
its authority and, therefore, abused its discretion in ordering relators to
produce documents that are not necessarily reflective of net worth in response
to Request Nos. 20-26 and 29-31.  In re Garth, 214 S.W.3d at 194.  








The
trial court also abused its discretion in ordering relators to produce their
income tax returns for another reason.  A party seeking the discovery of income
tax returns bears the burden of showing that the returns are relevant and
material to the issues in the case.  Hall v. Lawlis, 907 S.W.2d 493, 494
(Tex. 1995) (orig. proceeding); In re Brewer Leasing, Inc., 255 S.W.3d
at 713-14; In re Garth, 214 S.W.3d at 193-94; El Centro del Barrio,
Inc. v. Barlow, 894 S.W.2d 775, 779 (Tex. App.CSan Antonio 1994, orig. proceeding).  Tax
returns are not material or relevant if the same information can be obtained
from other sources, such as a financial statement.  In re Brewer Leasing,
Inc., 255 S.W.3d at 714; In re Garth, 214 S.W.3d at 193-94; In re
Sullivan, 214 S.W.3d 622, 624-25 (Tex. App.CAustin
2006, orig. proceeding).  Johnson did not show that tax returns were relevant
or material to the net worth issue or that the information sought could not be
obtained from some other source.  Therefore, the trial court abused its
discretion in compelling production of the tax returns for this additional
reason.

We
sustain relators=
first and second issues.  We overrule relators=
third issue to the extent that relators contend that Johnson should be required
to make a prima facie showing of a right to recover exemplary damages before
discovery of net worth information is permitted.  We sustain the remainder of
relators= third
issue.  

                                                               This
Court=s Ruling

We
conditionally grant in part the relators=
petition for writ of mandamus.  The trial court is directed to vacate its July
28, 2008 order to the extent it compelled relators to produce documents
responsive to Request Nos. 20-31.  The trial court is further directed to enter
a new order requiring relators to produce documents showing their net worth,
including any current balance statements, in response to Request Nos. 27 and 28
and sustaining relators=
objections to Request Nos. 20-26 and 29-31.  With respect to the relief granted
in this opinion, the writ of mandamus will issue only if the trial court fails
to act by November 17, 2008.

 

 

TERRY McCALL

JUSTICE

 

October 16, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Relators also filed an emergency motion for temporary
relief asking for a stay from the provisions of the July 28, 2008 order as it
related to the production of financial information.  We granted the motion and
entered an order staying production of financial information under the July 28,
2008 order until further order of this court.