

## NUMBER 13-10-00487-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE: JAMES M. SHAW AND CARABIN & SHAW, P.C.

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Benavides
### Memorandum Opinion by Justice Yañez[1]

At issue in this mandamus proceeding is whether a plaintiff should be required to make a prima facie evidentiary showing substantiating its claim for exemplary damages before allowing pretrial discovery regarding the defendant's net worth. Relators, James M. Shaw and Carabin & Shaw, P.C., contend that the trial court abused its discretion in ordering them to produce net worth information without first requiring the plaintiffs to make a prima facie showing regarding their entitlement to punitive damages. We hold that such net worth information is relevant to the issue of exemplary damages and is

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

discoverable without a "threshold" evidentiary showing of entitlement to such damages. Consequently, we deny relators' petition for writ of mandamus.

## I. BACKGROUND

This original proceeding arises from a defamation lawsuit between two law firms. In their "First Amended Petition," the real parties in interest herein, Alexander M. Begum and Begum Law Group, LLC, filed suit against relators alleging that relators intentionally and maliciously made false and defamatory statements regarding the real parties in interest and their practice of law. The real parties in interest sought damages for loss of reputation and mental anguish, as well as exemplary damages, prejudgment interest, postjudgment interest, and court costs.

The real parties in interest requested discovery regarding relators' net worth. After relators objected and refused to provide net worth discovery, the real parties in interest filed a motion to compel. On June 22, 2010, the trial court held a hearing on the motion to compel. On July 12, 2010, the trial court ordered relators to "produce the most recent financial statements that reflect their net worth." This original proceeding ensued. By one issue, relators contend that the trial court abused its discretion by ordering them to produce discovery regarding their "financial net worth information based on mere allegations of malice and absent evidentiary support of the punitive damage claim." Relators contend that the trial court's ruling "was based on outdated case law which has not kept pace with the changes in the law relating to the recovery of punitive damages and pre-trial discovery procedures," and that legislative changes "dramatically restrict[ing] the ability of litigants to recover punitive damages" support the

2

institution of a required prima facie evidentiary showing of entitlement to exemplary damages before "intrusive net worth discovery" should be allowed.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy that issues only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *In re Exmark Mfg. Co., Inc.*, 299 S.W.3d 519, 523 (Tex. App.–Corpus Christi 2009, orig. proceeding). An appellate remedy may be inadequate when: (1) the order complained of requires disclosure of privileged information or trade secrets that materially affect the rights of the relator; (2) discovery imposes a burden that is disproportionate to any benefit received by the requesting party; or (3) the trial court's discovery order compromises the relator's ability to present a viable claim or defense. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 468 (Tex. 2008) (orig. proceeding). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker*, 827

3

S.W.2d at 839-40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

## III. ANALYSIS

The relators argue that the real parties in interest are not entitled to discovery on net worth until the real parties have provided evidentiary support for their exemplary damage claims. However, the Texas Supreme Court has expressly considered and rejected this contention. *See Lunsford v. Morris*, 746 S.W.2d 471, 472-73 (Tex. 1988), *overruled on other grounds, Walker*, 827 S.W.2d at 842. In *Lunsford*, the supreme court issued a writ of mandamus directing the trial court to allow discovery of a defendant's net worth in connection with a claim of punitive damages:

> Some states allowing discovery of net worth require a prima facie showing of entitlement to punitive damages before information about a defendant's net worth may be sought. Other courts would make a plaintiff wait until trial, after the jury has heard evidence warranting punitive damages, before evidence of net worth is introduced. One state subjects a plaintiff to a show-cause hearing in which a prima facie right to punitive damages must be proved. In Wyoming, a plaintiff must overcome two hurdles. First, the plaintiff must make a prima facie showing of entitlement to punitive damages before the trial court permits discovery of net worth. Then, a trial involving punitive damages is bifurcated: a jury must again find a plaintiff is entitled to punitive damages; and then the jury may consider evidence of net worth to determine damages.

> Our rules of civil procedure and evidence do not require similar practices before net worth may be discovered. Absent a privilege or specifically enumerated exemption, our rules permit discovery of any "relevant" matter; thus, there is no evidentiary threshold a litigant must cross before seeking discovery. Neither do the rules of evidence contemplate exclusion of otherwise relevant proof unless the evidence proffered is unfairly prejudicial, privileged, incompetent, or otherwise legally inadmissible. We do not circumscribe, however, a trial judge's authority to consider on motion whether a party's discovery request involves unnecessary harassment or invasion of personal or property rights.

4

*Id.* (internal citations omitted). Therefore, under Texas law, a party seeking discovery of net worth information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. *In re Jacobs*, 300 S.W.3d 35, 40-41 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.–Eastland 2008, orig. proceeding); *In re Garth*, 214 S.W.3d 190, 192 (Tex. App.–Beaumont 2007, orig. proceeding [mand. dism'd]); *In re W. Star Trucks US, Inc.*, 112 S.W.3d 756, 763 (Tex. App.–Eastland 2003, orig. proceeding); *Al Parker Buick Co. v. Touchy*, 788 S.W.2d 129, 131 (Tex. App.–Houston [1st Dist.] 1990, orig. proceeding); *see In re CFWC Religious Ministries, Inc.*, 143 S.W.3d 891, 896 (Tex. App.–Beaumont 2004, orig. proceeding) ("Admirably, defendant concedes that because Relator's pleadings included a request for exemplary damages, Relator is entitled to be provided with evidence of defendant's net worth.").

However, in order to allow discovery of net worth, the causes of action pleaded must support a claim for exemplary damages. *Lunsford*, 746 S.W.2d at 472-73; *see also In re Islamorada Fish Co. Tex., LLC*, No. 05-10-344-CV, 2010 Tex. App. LEXIS 6309, at *6 (Tex. App.—Dallas Aug. 5, 2010, orig. proceeding) (op. on reh'g) (declining to allow discovery of net worth information because exemplary damages were not available for causes of action pleaded). Moreover, discovery regarding net worth must be narrowly crafted to show current net worth. *See In re House of Yahweh*, 266 S.W.3d at 673-74 (holding that the trial court erred by requiring production of previous years' balance sheets and other documents that did not show current net worth); *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 712 (Tex. App.–Houston [1st Dist.] 2008, orig.

proceeding) (holding that a trial court abuses its discretion by ordering the production of financial records "that would not necessarily evidence" net worth); *In re Garth*, 214 S.W.3d at 94 (holding that the trial court erred by requiring production of income statements because they would not show current net worth); *see also In re Ameriplan Corp.*, No. 05-09-01407-CV, 2010 Tex. App. LEXIS 31, at *2 (Tex. App.–Dallas Jan. 6, 2010, orig. proceeding) (mem. op.) (holding that the trial court erred in ordering the production of documents that did not show current net worth, including income statements and old balance sheets).

In the instant case, relators do not contend that exemplary damages may not be awarded for malicious defamation, nor do they contend that the scope of discovery is overly broad and encompasses more than current net worth. While relators make general allegations that net worth information is "confidential" and the discovery requests were made for the purposes of harassment, relators do not provide evidentiary support for these objections.

Relators urge this Court to abandon the *Lunsford* rule because, since the opinion was written, the Texas Legislature has enacted changes which limit the amount of recovery of punitive damages, imposed evidentiary burdens for the recovery of exemplary damages, mandated specified jury instructions, and provided for a bifurcated trial system. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001-.013 (Vernon 2008 & Supp. 2010). According to relators, these changes make it more difficult for a plaintiff to recover exemplary damages and thereby reduce the probable benefit or utility of net worth discovery in the early stages of a case. *See* TEX. R. CIV. P. 192.4(b). Relators have, however, identified no conflicts between *Lunsford* and the current

6

statutory scheme governing exemplary damages, nor any conflicts between *Lunsford* and the rules of civil procedure. The Texas Supreme Court adopted the rule in *Lunsford* after careful analysis of the law utilized by other jurisdictions and a full consideration of Texas's procedures. Relators have not shown that *Lunsford* has been, or should be, overruled, and if they had, we would not be the court that would do so. *See Lubbock Cty., Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent.").

Finally, the relators contend that the "pleadings alone do not warrant discovery of net worth information at this stage of the case." Relators concede that the pleadings contain factual allegations which set out the allegedly defamatory statements; however, relators contend that the pleadings do not include "facts that distinguish mere defamation from malicious defamation."[2]

Texas follows the "fair notice" standard for pleadings, which determines whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *In re Jacobs*, 300 S.W.3d at 40-41; *see* TEX. R. CIV. P. 45(b), 47(a). "'A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.'" *Horizon/CMS*

---

[2] In support of this argument, relators further argue that "nothing" in the real parties' pleadings addresses the factors set out in section 41.011 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.011 (Vernon 2008). This section instructs the trier of fact to consider the evidence, if any, relating to various factors in determining the amount of exemplary damages to be awarded. *See id.* Ironically, one of these factors is "the net worth of the defendant," which is the specific information that relators seek to protect from discovery in this original proceeding. *See id.* 41.011(a)(6).

*Healthcare Corp. of Am. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

Exemplary damages are special damages that must be supported by express allegations of willfulness, malice, or gross negligence that go beyond the allegations necessary to recover compensatory damages. *In re Jacobs*, 300 S.W.3d at 40-41. Texas law requires a plaintiff seeking production of net worth information to allege facts showing that the defendant is liable for punitive damages. *Id.* The real parties' "First Amended Petition" specifically recounts numerous defamatory statements allegedly made by relators regarding the real parties in interest, and further recites that:

> Defendants knew that each and every one of their defamatory statements [was] untrue at the time that the statements were made. Defendants' actions were intentional, and were made with malice. Plaintiffs are specifically pleading that all of Defendants' acts were intentional.

Under Texas's basic pleading requirements, the real parties' live pleadings sufficiently allege specific facts to notify relators that the real parties are seeking to hold them liable for punitive damages for intentional defamatory statements made with malice. *See In re Garth*, 214 S.W.3d at 193. Moreover, we note that relators' complaint regarding the sufficiency of the pleadings was not supported either by objection or special exception.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the stay previously imposed by this Court is lifted. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order

8

granting temporary relief is effective until the case is finally decided.").  The petition for

writ of mandamus is denied.  *See id*. 52.8(a).


                                            Linda Reyna Yañez
                                            Justice

Delivered and filed the
27th day of October, 2010.