NUMBER 13-10-00487-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG
 






 
IN RE: JAMES M. SHAW AND CARABIN & SHAW, P.C.
 







On Petition for Writ of Mandamus.
 






 
MEMORANDUM OPINION
 
Before Justices Yañez, Garza, and Benavides
Memorandum Opinion by Justice Yañez




At issue in this mandamus proceeding is whether a plaintiff should be required to
make a prima facie evidentiary showing substantiating its claim for exemplary damages
before allowing pretrial discovery regarding the defendant’s net worth. Relators, James
M. Shaw and Carabin & Shaw, P.C., contend that the trial court abused its discretion in
ordering them to produce net worth information without first requiring the plaintiffs to
make a prima facie showing regarding their entitlement to punitive damages. We hold
that such net worth information is relevant to the issue of exemplary damages and is
discoverable without a “threshold” evidentiary showing of entitlement to such damages. 
Consequently, we deny relators’ petition for writ of mandamus.
I. Background
This original proceeding arises from a defamation lawsuit between two law firms. 
In their “First Amended Petition,” the real parties in interest herein, Alexander M. Begum
and Begum Law Group, LLC, filed suit against relators alleging that relators 
intentionally and maliciously made false and defamatory statements regarding the real
parties in interest and their practice of law. The real parties in interest sought damages
for loss of reputation and mental anguish, as well as exemplary damages, prejudgment
interest, postjudgment interest, and court costs. 
The real parties in interest requested discovery regarding relators’ net worth. 
After relators objected and refused to provide net worth discovery, the real parties in
interest filed a motion to compel. On June 22, 2010, the trial court held a hearing on the
motion to compel. On July 12, 2010, the trial court ordered relators to “produce the
most recent financial statements that reflect their net worth.” This original proceeding
ensued. By one issue, relators contend that the trial court abused its discretion by
ordering them to produce discovery regarding their “financial net worth information
based on mere allegations of malice and absent evidentiary support of the punitive
damage claim.” Relators contend that the trial court’s ruling “was based on outdated
case law which has not kept pace with the changes in the law relating to the recovery of
punitive damages and pre-trial discovery procedures,” and that legislative changes
“dramatically restrict[ing] the ability of litigants to recover punitive damages” support the 
institution of a required prima facie evidentiary showing of entitlement to exemplary
damages before “intrusive net worth discovery” should be allowed. 
II. Standard of Review
Mandamus is an extraordinary remedy that issues only if the trial court clearly
abused its discretion and the relator has no adequate remedy by appeal. In re Sw. Bell
Tel. Co., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The heavy burden of
establishing an abuse of discretion and an inadequate appellate remedy is on the party
resisting discovery. In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig.
proceeding). A trial court commits a clear abuse of discretion when its action is “so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law.” Id.
(quoting CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996)). “If an appellate court
cannot remedy a trial court’s discovery error, then an adequate appellate remedy does
not exist.” In re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); see
Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); In re Exmark
Mfg. Co., Inc., 299 S.W.3d 519, 523 (Tex. App.–Corpus Christi 2009, orig. proceeding). 
An appellate remedy may be inadequate when: (1) the order complained of requires
disclosure of privileged information or trade secrets that materially affect the rights of
the relator; (2) discovery imposes a burden that is disproportionate to any benefit
received by the requesting party; or (3) the trial court’s discovery order compromises the
relator’s ability to present a viable claim or defense. In re McAllen Med. Ctr., Inc., 275
S.W.3d 458, 468 (Tex. 2008) (orig. proceeding). It is the relator’s burden to provide this
Court with a sufficient record to establish the right to mandamus relief. Walker, 827
S.W.2d at 839-40; In re Pilgrim’s Pride Corp., 187 S.W.3d 197, 198-99 (Tex.
App.–Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.3. 
III. Analysis
The relators argue that the real parties in interest are not entitled to discovery on
net worth until the real parties have provided evidentiary support for their exemplary
damage claims. However, the Texas Supreme Court has expressly considered and
rejected this contention. See Lunsford v. Morris, 746 S.W.2d 471, 472-73 (Tex. 1988),
overruled on other grounds, Walker, 827 S.W.2d at 842. In Lunsford, the supreme court
issued a writ of mandamus directing the trial court to allow discovery of a defendant’s
net worth in connection with a claim of punitive damages: 
Some states allowing discovery of net worth require a prima facie showing
of entitlement to punitive damages before information about a defendant’s
net worth may be sought. Other courts would make a plaintiff wait until
trial, after the jury has heard evidence warranting punitive damages,
before evidence of net worth is introduced. One state subjects a plaintiff
to a show-cause hearing in which a prima facie right to punitive damages
must be proved. In Wyoming, a plaintiff must overcome two hurdles. 
First, the plaintiff must make a prima facie showing of entitlement to
punitive damages before the trial court permits discovery of net worth.
Then, a trial involving punitive damages is bifurcated: a jury must again
find a plaintiff is entitled to punitive damages; and then the jury may
consider evidence of net worth to determine damages. 
 
Our rules of civil procedure and evidence do not require similar practices
before net worth may be discovered. Absent a privilege or specifically
enumerated exemption, our rules permit discovery of any “relevant”
matter; thus, there is no evidentiary threshold a litigant must cross before
seeking discovery. Neither do the rules of evidence contemplate
exclusion of otherwise relevant proof unless the evidence proffered is
unfairly prejudicial, privileged, incompetent, or otherwise legally
inadmissible. We do not circumscribe, however, a trial judge’s authority to
consider on motion whether a party’s discovery request involves
unnecessary harassment or invasion of personal or property rights. 
 
Id. (internal citations omitted). Therefore, under Texas law, a party seeking discovery of
net worth information need not satisfy any evidentiary prerequisite, such as making a
prima facie showing of entitlement to punitive damages, before discovery of net worth is
permitted. In re Jacobs, 300 S.W.3d 35, 40-41 (Tex. App.–Houston [14th Dist.] 2009,
orig. proceeding); In re House of Yahweh, 266 S.W.3d 668, 673 (Tex. App.–Eastland
2008, orig. proceeding); In re Garth, 214 S.W.3d 190, 192 (Tex. App.–Beaumont 2007,
orig. proceeding [mand. dism’d]); In re W. Star Trucks US, Inc., 112 S.W.3d 756, 763
(Tex. App.–Eastland 2003, orig. proceeding); Al Parker Buick Co. v. Touchy, 788
S.W.2d 129, 131 (Tex. App.–Houston [1st Dist.] 1990, orig. proceeding); see In re
CFWC Religious Ministries, Inc., 143 S.W.3d 891, 896 (Tex. App.–Beaumont 2004,
orig. proceeding) (“Admirably, defendant concedes that because Relator’s pleadings
included a request for exemplary damages, Relator is entitled to be provided with
evidence of defendant’s net worth.”). 
          However, in order to allow discovery of net worth, the causes of action pleaded
must support a claim for exemplary damages. Lunsford, 746 S.W.2d at 472-73; see
also In re Islamorada Fish Co. Tex., LLC, No. 05-10-344-CV, 2010 Tex. App. LEXIS
6309, at *6 (Tex. App.—Dallas Aug. 5, 2010, orig. proceeding) (op. on reh’g) (declining
to allow discovery of net worth information because exemplary damages were not
available for causes of action pleaded). Moreover, discovery regarding net worth must
be narrowly crafted to show current net worth. See In re House of Yahweh, 266 S.W.3d
at 673-74 (holding that the trial court erred by requiring production of previous years’
balance sheets and other documents that did not show current net worth); In re Brewer
Leasing, Inc., 255 S.W.3d 708, 712 (Tex. App.–Houston [1st Dist.] 2008, orig.
proceeding) (holding that a trial court abuses its discretion by ordering the production of
financial records "that would not necessarily evidence" net worth); In re Garth, 214
S.W.3d at 94 (holding that the trial court erred by requiring production of income
statements because they would not show current net worth); see also In re Ameriplan
Corp., No. 05-09-01407-CV, 2010 Tex. App. LEXIS 31, at *2 (Tex. App.–Dallas Jan. 6,
2010, orig. proceeding) (mem. op.) (holding that the trial court erred in ordering the
production of documents that did not show current net worth, including income
statements and old balance sheets). 
In the instant case, relators do not contend that exemplary damages may not be
awarded for malicious defamation, nor do they contend that the scope of discovery is
overly broad and encompasses more than current net worth. While relators make
general allegations that net worth information is “confidential” and the discovery
requests were made for the purposes of harassment, relators do not provide evidentiary
support for these objections.
Relators urge this Court to abandon the Lunsford rule because, since the opinion
was written, the Texas Legislature has enacted changes which limit the amount of
recovery of punitive damages, imposed evidentiary burdens for the recovery of
exemplary damages, mandated specified jury instructions, and provided for a bifurcated
trial system. See generally Tex. Civ. Prac. & Rem. Code Ann. § 41.001-.013 (Vernon
2008 & Supp. 2010). According to relators, these changes make it more difficult for a
plaintiff to recover exemplary damages and thereby reduce the probable benefit or utility
of net worth discovery in the early stages of a case. See Tex. R. Civ. P. 192.4(b). 
Relators have, however, identified no conflicts between Lunsford and the current
statutory scheme governing exemplary damages, nor any conflicts between Lunsford
and the rules of civil procedure. The Texas Supreme Court adopted the rule in Lunsford
after careful analysis of the law utilized by other jurisdictions and a full consideration of
Texas’s procedures. Relators have not shown that Lunsford has been, or should be,
overruled, and if they had, we would not be the court that would do so. See Lubbock
Cty., Tex. v. Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002) (“It is not
the function of a court of appeals to abrogate or modify established precedent.”).
Finally, the relators contend that the “pleadings alone do not warrant discovery of
net worth information at this stage of the case.” Relators concede that the pleadings
contain factual allegations which set out the allegedly defamatory statements; however,
relators contend that the pleadings do not include “facts that distinguish mere
defamation from malicious defamation.”


 
Texas follows the “fair notice” standard for pleadings, which determines whether
the opposing party can ascertain from the pleadings the nature and basic issues of the
controversy and the type of evidence that might be relevant to the controversy. Low v.
Henry, 221 S.W.3d 609, 612 (Tex. 2007); In re Jacobs, 300 S.W.3d at 40-41; see Tex.
R. Civ. P. 45(b), 47(a). “‘A petition is sufficient if it gives fair and adequate notice of the
facts upon which the pleader bases his claim. The purpose of this rule is to give the
opposing party information sufficient to enable him to prepare a defense.’” Horizon/CMS
Healthcare Corp. of Am. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000) (quoting Roark v.
Allen, 633 S.W.2d 804, 810 (Tex. 1982)). 
Exemplary damages are special damages that must be supported by express
allegations of willfulness, malice, or gross negligence that go beyond the allegations
necessary to recover compensatory damages. In re Jacobs, 300 S.W.3d at 40-41. 
Texas law requires a plaintiff seeking production of net worth information to allege facts
showing that the defendant is liable for punitive damages. Id. The real parties’ “First
Amended Petition” specifically recounts numerous defamatory statements allegedly
made by relators regarding the real parties in interest, and further recites that:
Defendants knew that each and every one of their defamatory
statements [was] untrue at the time that the statements were made. 
Defendants’ actions were intentional, and were made with malice. 
Plaintiffs are specifically pleading that all of Defendants’ acts were
intentional.
 
Under Texas’s basic pleading requirements, the real parties’ live pleadings sufficiently
allege specific facts to notify relators that the real parties are seeking to hold them liable
for punitive damages for intentional defamatory statements made with malice. See In re
Garth, 214 S.W.3d at 193. Moreover, we note that relators’ complaint regarding the
sufficiency of the pleadings was not supported either by objection or special exception.
IV. Conclusion
The Court, having examined and fully considered the petition for writ of
mandamus and the response thereto, is of the opinion that relators have not shown
themselves entitled to the relief sought. Accordingly, the stay previously imposed by
this Court is lifted. See Tex. R. App. P. 52.10(b) (“Unless vacated or modified, an order
granting temporary relief is effective until the case is finally decided.”). The petition for
writ of mandamus is denied. See id. 52.8(a). 
 
 
 
Linda Reyna Yañez
Justice 
 
 
Delivered and filed the
27th day of October, 2010.