**AL PARKER BUICK COMPANY, Relator,**

v.

**The Honorable Hugo TOUCHY, Judge of the 129th District Court of Harris County, Texas, Respondent.**

**No. 01–90–00086–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 22, 1990.

**130**

Gregory L. Hennig and Thomas W. Long, Houston, for relator.

Dennis C. Reich, Houston, for respondent.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

The relator, Al Parker Buick Company, seeks relief from the respondent's order compelling production of financial statements showing its net worth. The dispositive issue in this proceeding is whether the plaintiff/real party in interest, Eleanor Schirra, who seeks discovery of the relator/defendant's net worth, is entitled to that information even though she has not adequately pleaded a basis for the recovery of exemplary damages. We hold that she is not, and conditionally grant relator's request for a writ of mandamus.

Schirra alleges in the underlying litigation that she was injured in an automobile accident involving a truck driven by relator's employee, Allen Nesbitt. She alleges that relator is liable because Nesbitt acted "within the course and scope of his employment," but alleges no other basis for relator's liability. This pleading stated a sufficient ground for the recovery of compensatory damages under a respondent superior theory, but not for exemplary damages *as to relator*. This is because an employer is liable in punitive damages for the acts of its agents when:

(a) the employer authorized the doing and the manner of the act;

(b) the agent was unfit and the employer was reckless in employing him;

(c) the agent was employed in a managerial capacity and was acting in the scope of employment; or

(d) the employer or a manager of the employer ratified or approved the act. *King v. McGuff*, 149 Tex. 432, 234 S.W.2d 403 (1950); *Brentwood Fin. Corp. v. Lamprecht*, 736 S.W.2d 836, 846 (Tex.App.— San Antonio 1987, writ ref'd n.r.e.).

The basis for assessing punitive damages against a corporation was long ago summarized by our supreme court: "if, in short, the corporation or its officers by whom it is controlled are guilty of some 'fraud, malice, gross negligence, or oppression,'—the settled rules of law will hold it liable to exemplary damages, but, in our opinion, not otherwise." *Hays v. Houston & Great N.R.R. Co.*, 46 Tex. 272, 284 (1876), *cited with approval in Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 141, 70 S.W.2d 397, 405 (1934).

Schirra's petition alleges no facts that might establish her right to a recovery of exemplary damages from relator. Nevertheless, Schirra's second amended petition requests $500,000 in punitive damages from both relator and Nesbitt. Exemplary damages are special damages that must be supported by express allegations of willfulness, malice, or gross negligence that go beyond the allegations necessary in a petition seeking recovery of compensatory damages. 2 R. McDonald, Texas Civil Practice in District and County Courts § 6.17.3 (rev.1982); *see K–Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243, 247 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Schirra's conclusory request for punitive damages fails to expressly allege any grounds for the recovery of exemplary damages from the relator. We agree with relator's contention that these pleadings are legally insufficient to support an award of exemplary damages against the relator.

On November 3, 1989, Schirra served a request for production of documents seeking evidence of relator's net worth. Relator filed a motion for protective order alleging that its net worth was "neither relevant nor calculated to lead to the discovery of

admissible evidence." Neither party requested a hearing on the motion for protection. On January 31, 1990, the respondent signed his order compelling the production of "financial statements showing total assets, total liabilities, and net worth and nothing more."

 Information regarding net worth is discoverable "in cases in which punitive or exemplary damages may be awarded." *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex.1988). Relator argues that because Schirra's pleadings do not support her request for exemplary damages, evidence of relator's net worth is not "reasonably calculated to lead to the discovery of admissible evidence," and is therefore irrelevant information outside the scope of discovery. Tex.R.Civ.P. 166b(2)(a).

In determining the potential relevance of Schirra's discovery request, the trial court should have balanced the probative value of the information sought against the burden placed upon the relator by allowing discovery. *Independent Insulating Glass v. Street*, 722 S.W.2d 798, 803 (Tex.App.—Fort Worth 1987, orig. proceeding). Because Schirra's petition fails to allege a basis for the assessment of punitive damages against the relator, the discovery sought has no probative value under the current state of the pleadings. Accordingly, the discovery should have been denied.

In *Lunsford v. Morris*, the supreme court held that a party seeking discovery of "any 'relevant' matter" need not cross any evidentiary threshold, e.g., by making a prima facie showing of entitlement to punitive damages, before discovery is permitted. 746 S.W.2d at 473. Schirra contends that she should not be compelled to establish a prima facie case against the relator before becoming entitled to pretrial discovery of its net worth. We do not hold that she faces such a requirement. We do hold that, in the absence of pleadings that sufficiently allege that relator is liable for exemplary damages, relator's net worth is not a "relevant matter."

In order to obtain the discovery she seeks, Schirra need only allege facts showing that relator is liable for punitive damages. Our holding does not preclude such discovery upon allegations that, in good faith, reflect circumstances upon which exemplary damages might be awarded.

We conditionally grant the writ of mandamus. The writ will issue only if the respondent fails to vacate his January 31 order compelling relator's production of its financial statements.