**In re ISLAMORADA FISH CO. TEXAS, L.L.C., Relator.**

No. 05–10–00344–CV.

Court of Appeals of Texas, Dallas.

Aug. 5, 2010.

Jeffrey Cox, L. Abigail Foreman, Hartline, Dacus, Barger, Dreyer & Kern, LLP, Scott P. Stolley, Thompson & Knight, L.L.P., Dallas, TX, for Relator.

Judge, 68th Judicial District Court, Dallas, TX, for Respondent.

Jason C.N. Smith, Law Office of Art Brender, Fort Worth, TX, for Real Party in Interest.

Before Justices O'NEILL, FITZGERALD, and LANG–MIERS.

## OPINION ON MOTION FOR REHEARING EN BANC

Opinion by Justice LANG–MIERS.

We deny the motion for rehearing en banc filed by real parties in interest. On our own motion, we withdraw our opinion of June 28, 2010 and vacate the order of that date. This is now the opinion of the Court.

Islamorada Fish Co. Texas, L.L.C. filed this mandamus proceeding seeking relief from the trial court's order compelling it to produce information about its net worth. We conclude that the trial court abused its discretion and conditionally grant the writ of mandamus.

Candy Kovar Greenwood and C.S.[1] sued Islamorada alleging that Islamorada served excessive amounts of alcohol to Kris Ayres, who became intoxicated and later drove her vehicle across a median and hit Greenwood's vehicle. C.S. was a passenger in Greenwood's vehicle. Greenwood and C.S. were injured and sued Islamorada seeking compensatory and punitive damages under the common law and the Texas Dram Shop Act. *See* TEX. ALCO. BEV.CODE ANN. §§ 2.01–.03 (Vernon 2007). In requests for production, Greenwood and C.S. sought information about Islamorada's net worth. Islamorada objected to the requests arguing, among other things, that its net worth is not relevant because punitive damages are not recoverable. Islamorada also filed a motion for summary judgment arguing that punitive damages are not recoverable in claims filed under the Dram Shop Act.

Greenwood and C.S. moved to compel Islamorada to produce net worth information. The trial court deferred ruling on the motion until after it ruled on Islamorada's summary-judgment motion. After a hearing, the trial court concluded that punitive damages are recoverable under the Dram Shop Act and denied Islamorada's motion for summary judgment. Having so concluded, the trial court granted the motion to compel and ordered Islamorada to produce evidence of its net worth because the information is "now relevant and discoverable."

Islamorada seeks mandamus relief from the trial court's order compelling it to produce net worth information. Greenwood and C.S. contend that this mandamus proceeding is a disguised interlocutory appeal from the denial of a summary-judgment motion and is not permitted. We disagree.

The trial court's order denying Islamorada's motion for summary judgment did not order Islamorada to produce any documents in discovery.[2] Only the trial court's February 2, 2010 order compelled Islamo-

---

**1.** The plaintiffs in the action below are Greenwood and Eddie Semchenko as next friend of C.S., a minor.

**2.** The order, signed January 15, 2010, stated in relevant part:

> IT IS ORDERED, ADJUDGED AND DECREED, that Defendant Islamorada Fish Company, [sic] Texas, L.L.C.'s Motion for Summary Judgment Regarding Plaintiffs' Claim for Punitive Damages and Brief in Support Thereof is denied.

rada to produce information about its net worth:

## ORDER REGARDING PLAINTIFFS' FIRST AMENDED MOTION TO COMPEL

. . .

*With regard to Plaintiffs' First Request for Production of Documents to Defendant Islamorada Fish Company Texas, L.L.C., the Court makes the following rulings:*

1. With regard to Request for Production Nos. 1, 2, 4 and 6 which requested financial information relating to the net worth of Defendant Islamorada Fish Company Texas, L.L.C. the Court initially deferred ruling on this matter until a hearing could be conducted with regard to Defendant Islamorada Fish Company, LLC's [sic] Motion for Summary Judgment Regarding Plaintiffs' Claim for Punitive Damages. The Court, having now denied the Motion for Summary Judgment, believes that punitive damages are recoverable under the Texas Dram Shop Act. As a result, the Court further finds that documents reflecting the net worth of Defendant Islamorada Fish Company, [sic] Texas, L.L.C. are now relevant and discoverable. Therefore the Court now orders Defendant to produce financial statements or tax returns of Islamorada Fish Company Texas, L.L.C. for the years 2006, 2007, 2008 and 2009 so that Plaintiffs can try to determine the company's net worth.

Islamorada seeks mandamus relief from the February 2, 2010 order, not the order denying summary judgment.

■ Mandamus "is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 138 (Tex.2004). Mandamus relief is appropriate when the trial court abuses its discretion and relator has no adequate appellate remedy. *In re CSX Corp.,* 124 S.W.3d 149, 151 (Tex.2003); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Whether a party has an "adequate" remedy by appeal "is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential,* 148 S.W.3d at 135–36 (citing *Walker,* 827 S.W.2d at 840). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, . . . and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* at 136.

■ Mandamus relief is not limited to cases in which there is "no other legal operative remedy." *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 467 (Tex.2008) (quoting *Bradley v. McCrabb,* Dallam 504, 507 (Tex.1843)). It is also appropriate in cases where " 'other modes of redress are inadequate or tedious' or when mandamus affords 'a more complete and effectual remedy.' " *Id.* at 467–68. In the discovery context, for example, mandamus is appropriate "when disclosure of privileged information or trade secrets would 'materially affect the rights of the aggrieved party' "; or "when discovery 'imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party.' " *Id.* at 468 (quoting *Walker,* 827 S.W.2d at 846).

■ In this case, the trial court ordered Islamorada to produce net worth information because the court concluded that punitive damages were recoverable

under the Dram Shop Act. Net worth is relevant and discoverable when punitive damages may be awarded. *Lunsford v. Morris,* 746 S.W.2d 471, 473 (Tex.1988) ("In a suit in which exemplary damages may be recovered, we hold the defendant's net worth is 'relevant' and therefore discoverable under [the rules of civil procedure]."), *disapproved of on other grounds by Walker,* 827 S.W.2d at 842. The corollary is that when punitive damages clearly are not recoverable, information about net worth is not relevant and, as a result, not discoverable. *See Wilson v. K.W.G., Inc.,* No. 11–03–00084–CV, 2004 WL 1925599, at *1–2 (Tex.App.-Eastland Aug. 31, 2004, no pet.) (mem. op., not designated for publication); *Al Parker Buick Co. v. Touchy,* 788 S.W.2d 129, 130–31 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding). We do not consider whether punitive damages are recoverable generally under the Dram Shop Act, an issue of first impression in this Court, because we conclude that they are not recoverable under the facts of this case under section 41.005(a) of the Texas Civil Practice and Remedies Code.

Section 41.002(a) states that chapter 41 of the Texas Civil Practice and Remedies Code "applies to any action in which a claimant seeks damages relating to a cause of action." TEX. CIV. PRAC. & REM.CODE ANN. § 41.002(a) (Vernon 2008). Section 41.005(a) of chapter 41 states

In an action arising from harm resulting from an assault, theft, or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another.

*Id.* § 41.005(a) (Vernon 2008).[3]

In Greenwood and C.S.'s live pleading in this case, they judicially admit that Ayres was legally intoxicated at the time of the accident. In their response to Islamora-da's motion for summary judgment, Greenwood and C.S. attached evidence showing that Ayres pleaded guilty to two charges of intoxication assault arising from the accident that caused their injuries. And in their response to the petition for writ of mandamus in this Court, they stated and attached evidence to show that Ayres was "convicted and placed on probation for five years for intoxication assault as a result of her conduct on November 7, 2007 driving while intoxicated and injuring [Greenwood and C.S.]."

Greenwood and C.S.'s allegations against Islamorada arise from the injuries they sustained when Ayres drove while intoxicated and hit Greenwood's car. As a result, section 41.005(a) prohibits the trial court from assessing punitive damages against Islamorada because the harm alleged resulted from the criminal act of another. *See id.; Wilson,* 2004 WL 1925599, at *2. Consequently, Islamorada's net worth is not relevant to the issues in this case. *See Wilson,* 2004 WL 1925599, at *1–2; *Touchy,* 788 S.W.2d at 130–31.

■ Greenwood and C.S. argue that we cannot decide the punitive damages issue by relying on section 41.005(a) because Islamorada did not plead it as an affirmative defense. An affirmative defense, when pleaded and proved, permits a party to avoid a valid claim. *See* TEX.R. CIV. P. 94. In contrast, section 41.005(a) provides that, in certain situations, there is no valid claim for punitive damages in the first instance. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 41.005(a). In addition, we note that Islamorada pleaded the limitations on damages provided by chapter 41. Although Islamorada did not raise section 41.005(a) specifically in its response to the motion to compel, it did assert the limita-

---

**3.** Section 41.005(b) contains exceptions from the exemption provided in subsection (a), but none of those exceptions applies here. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 41.005(b).

tions on punitive damages provided by chapter 41 in the trial court.

The issue before us is appropriately decided by mandamus because it is an issue of law and the benefits of deciding the issue by mandamus outweigh the detriments. By deciding the issue on mandamus, we "spare private parties and the public the time and money utterly wasted enduring eventual reversal" on appeal. *See In re Prudential,* 148 S.W.3d at 136.

 A trial court has no discretion in determining what the law is or properly applying the law. *Walker,* 827 S.W.2d at 840 (clear failure by trial court to analyze or apply the law correctly constitutes abuse of discretion). Although the scope of discovery generally is within a trial court's discretion, a trial court has no discretion to order discovery that exceeds the scope permitted by the rules of procedure. *In re CSX,* 124 S.W.3d at 152. And only matters that are relevant to the pending matter and not privileged are discoverable. TEX.R. CIV. P. 192.3.

 On this record, we conclude that section 41.005(a) applies to bar recovery of punitive damages in this case as a matter of law.[4] The trial court did not properly apply the law relating to punitive damages and ordered Islamorada to produce discovery that is not relevant. When a trial court orders discovery that is not relevant, it abuses its discretion and the resisting party has no adequate remedy by appeal. *In re CSX,* 124 S.W.3d at 153 ("where a discovery order compels production of 'patently irrelevant ... documents,' ... there is no adequate remedy by appeal").

We conclude that Islamorada has shown it is entitled to mandamus relief. Consequently, we conditionally grant Islamorada's petition for writ of mandamus. A writ will issue only if the trial court fails to (1) vacate the portion of its February 2, 2010 "Order Regarding Plaintiffs' First Amended Motion to Compel" that requires Islamorada to produce documents in response to request for production nos. 1, 2, 4, and 6, and (2) render an order denying the motion to compel responses to request for production nos. 1, 2, 4, and 6.

4. Greenwood and C.S. contend that they have due process and other concerns with the application of section 41.005(a). Those concerns are outside the scope of this proceeding. However, this opinion should not be construed as foreclosing a challenge to the applicability of section 41.005(a) if the issue should arise again. Greenwood and C.S. also contend that Texas law prohibits challenging a discovery order by mandamus by challenging the underlying merits of the claim. They cite *Humphreys v. Caldwell,* 888 S.W.2d 469 (Tex. 1994) to support their contention. In that case, State Farm contended that a discovery order was void because the claimant had no cause of action against it. *See id.* at 470. The supreme court declined to address the issue of whether the cause of action was valid, but it did address whether the trial court abused its discretion by ordering discovery. *See id.* at 470–71. Unlike State Farm in *Humphreys,* Islamorada does not contend in this Court that the claimant has no cause of action against it, but only that the cause of action will not support an award of punitive damages and, as a result, it should not be compelled to produce net worth information. Our opinion addresses only whether the trial court abused its discretion by ordering Islamorada to produce documents showing its net worth.