

# NUMBER 13-10-00589-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: ASCENSION MARTINEZ, JR., INDIVIDUALLY AND D/B/A RBR REAL ESTATE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Benavides
### Per Curiam Memorandum Opinion[1]

Relator, Ascension Martinez, Jr., individually and d/b/a RBR Real Estate, filed a petition for writ of mandamus in the above cause on October 21, 2010, seeking to compel the trial court to vacate an order granting a motion to compel answers to deposition questions. Relator contends that the trial court abused its discretion in ordering him to produce net worth information based on "factually unsupported allegations of punitive liability." The Court requested and received a response to the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

petition for writ of mandamus from Jose G. Lopez, the real party in interest, and further received a reply brief from relator.

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that relator has not shown himself entitled to the relief sought. *See Lunsford v. Morris*, 746 S.W.2d 471, 472-73 (Tex. 1988), *overruled on other grounds, Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *In re Jacobs*, 300 S.W.3d 35, 40-41 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.– Eastland 2008, orig. proceeding); *In re Garth*, 214 S.W.3d 190, 192 (Tex. App.– Beaumont 2007, orig. proceeding [mand. dism'd]); *In re W. Star Trucks US, Inc.*, 112 S.W.3d 756, 763 (Tex. App.–Eastland 2003, orig. proceeding); *Al Parker Buick Co. v. Touchy*, 788 S.W.2d 129, 131 (Tex. App.–Houston [1st Dist.] 1990, orig. proceeding); *see In re CFWC Religious Ministries, Inc.*, 143 S.W.3d 891, 896 (Tex. App.–Beaumont 2004, orig. proceeding) ("Admirably, defendant concedes that because Relator's pleadings included a request for exemplary damages, Relator is entitled to be provided with evidence of defendant's net worth."); *see also In re Shaw*, No. 13-10-00487-CV, 2010 Tex. App. LEXIS 8744, at *1 (Tex. App.--Corpus Christi Oct. 27, 2010, orig. proceeding).

Accordingly, the stay previously imposed by this Court is LIFTED. *See* Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Delivered and filed the
22nd day of December, 2010.