NUMBER 13-10-00589-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE: ASCENSION MARTINEZ, JR., INDIVIDUALLY

AND D/B/A RBR REAL ESTATE

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Yañez, Garza, and
Benavides

Per Curiam
Memorandum Opinion[1]

            Relator,
Ascension Martinez, Jr., individually and d/b/a RBR Real Estate, filed a
petition for writ of mandamus in the above cause on October 21, 2010, seeking
to compel the trial court to vacate an order granting a motion to compel
answers to deposition questions.  Relator contends that the trial court abused
its discretion in ordering him to produce net worth information based on
“factually unsupported allegations of punitive liability.”  The Court requested
and received a response to the petition for writ of mandamus from Jose G.
Lopez, the real party in interest, and further received a reply brief from
relator.

The Court, having examined and
fully considered the petition for writ of mandamus, the response, and the
reply, is of the opinion that relator has not shown himself entitled to the
relief sought.  See Lunsford v. Morris, 746 S.W.2d 471, 472-73 (Tex.
1988), overruled on other grounds, Walker v. Packer, 827 S.W.2d
833, 843 (Tex. 1992) (orig. proceeding); In re Jacobs, 300 S.W.3d 35,
40-41 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding); In re House
of Yahweh, 266 S.W.3d 668, 673 (Tex. App.–Eastland 2008, orig. proceeding);
In re Garth, 214 S.W.3d 190, 192 (Tex. App.–Beaumont 2007, orig.
proceeding [mand. dism’d]); In re W. Star Trucks US, Inc., 112 S.W.3d
756, 763 (Tex. App.–Eastland 2003, orig. proceeding); Al Parker Buick Co. v.
Touchy, 788 S.W.2d 129, 131 (Tex. App.–Houston [1st Dist.] 1990, orig.
proceeding); see In re CFWC Religious Ministries, Inc., 143 S.W.3d 891,
896 (Tex. App.–Beaumont 2004, orig. proceeding) (“Admirably, defendant concedes
that because Relator’s pleadings included a request for exemplary damages,
Relator is entitled to be provided with evidence of defendant’s net worth.”); see
also In re Shaw, No. 13-10-00487-CV, 2010 Tex. App. LEXIS 8744, at *1 (Tex.
App.--Corpus Christi Oct. 27, 2010, orig. proceeding).

Accordingly, the stay previously imposed by this Court is LIFTED.  See Tex.
R. App. P. 52.10(b) (“Unless vacated or modified, an order granting
temporary relief is effective until the case is finally decided.”).  The
petition for writ of mandamus is DENIED.  See id. 52.8(a). 

 

                                                                                                            PER
CURIAM

Delivered and filed the

22nd day of December, 2010.

                                                

                                                                                                

 









[1] See
Tex. R. App. P. 52.8(d) (“When
denying relief, the court may hand down an opinion but is not required to do
so.”); Tex. R. App. P. 47.4
(distinguishing opinions and memorandum opinions).