**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 24, 2012.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

_____

## NO. 14-11-01004-CV

_____

**IN RE CONOCOPHILLIPS COMPANY F/K/A PHILLIPS PETROLEUM COMPANY, DCP MIDSTREAM, L.P. F/K/A GPM GAS CORPORATION, CONOCOPHILLIPS GAS COMPANY F/K/A PHILLIPS GAS COMPANY, AND DCP MIDSTREAM MARKETING, L.L.C. F/K/A GPM GAS TRADING COMPANY, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 99-DCV-107968**

---

## M E M O R A N D U M   O P I N I O N

On November 21, 2011, relators filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relators complain of two orders signed by respondent, the Honorable Brady G. Elliot, presiding judge of the 268th District Court of Fort Bend County, Texas. For the reasons stated below, the petition is denied.

The underlying suit is a class action. In *Bowden v. Phillips Petroleum Co.,* 247 S.W.3d 690 (Tex. 2008), the Texas Supreme Court approved certification of Subclass 2. In February 2010, appellees amended their petition. Relators moved to decertify the class and in January 2011 the trial court denied the motion.

In September 2011, relators filed a "Motion for Partial Summary Judgment on Implied Covenant Claims, or in the Alternative, Motion to Sever the Implied Covenant Claims or, in the Alternative, Motion for Order Clarifying that Plaintiff Yarbrough's Implied Covenant Claims are not Included in Subclass 2." The trial court denied that motion on October 7, 2011. On October 21, 2011, respondent signed an order finding "the supporting law and definition of the class that res judicata is adequately addressed by the class definition and the representatives of the class and that class 2 as certified and approved by the Supreme Court of Texas fully sets out those individuals and their claims sufficiently to meet the preclusion requirements." In essence, the trial court refused to strike the amended pleadings and found the class satisfied the requisites of Texas Rule of Civil Procedure 42. Relators' complaint is that the amended petition added claims that are not included in the class approved by the Texas Supreme Court.[1]

Mandamus is an extraordinary remedy intended to be available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker,* 827 S.W.2d at 839–40. Such a limitation is necessary to preserve "orderly trial proceedings" and to prevent the "constant interruption of the trial process by appellate courts." *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). Consistent with this policy, the burden of showing an

---

[1] Consolidated with this mandamus is relators' interlocutory appeal complaining of the same orders, Appeal No. 14-11-00944-CV. This petition was filed after appellees moved to dismiss the appeal for want of jurisdiction.

abuse of discretion and  the inadequacy of a remedy by appeal rests on the relator. *Canadian Helicopters,* 876 S.W.2d at 305.

Mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion, because "trying a case in which summary judgment would have been appropriate does not mean the case will have to be tried twice." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465-66 (Tex.2008).  Although the supreme court has found mandamus was appropriate to correct the erroneous denial of a motion for summary judgment, the court noted that extraordinary circumstances merited extraordinary relief. *See In re USAA,* 307 S.W.3d 299, 314 (Tex. 2010).  In that case, the court noted one trial already had been conducted in a forum that lacked jurisdiction and a second trial on a claim barred by limitations "would thwart the legislative intent that non-tolled TCHRA claims be brought within two years . . ."

Class action status does not, in and of itself, warrant mandamus relief.  The summary judgment denied in this case was partial and would not have resulted in a final judgment.  Unlike the situation in *In re USAA*, there is no claim that the entire suit is barred.  Allowing mandamus to lie from the denial of a partial summary judgment in these circumstances would contravene the policies underlying limited mandamus review.

Relators have not established entitlement to the extraordinary relief of a writ of mandamus on the ground that the trial court improperly denied a motion for partial summary judgment. Accordingly, we deny relators' petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Brown, Boyce, and McCally.


3