

# NUMBER 13-15-00352-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MING CHU CHANG, KEN MOK, AND JORGE GONZALEZ III

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Garza[1]

Relators, Ming Chu Chang, Ken Mok, and Jorge Gonzalez III, filed a petition for writ of mandamus and motion for emergency temporary relief in the above cause on July 30, 2015.  Through this original proceeding, relators seek to compel the trial court[2] to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number L-12-0152-CV-C in the 343rd District Court of Live Oak County, Texas.  The respondent is the Honorable Janna K. Whatley.

vacate a July 7, 2015 discovery order requiring relators to produce their income tax returns. We conditionally grant the writ of mandamus.

## I. BACKGROUND

The real party in interest and plaintiff below, James R. Williams, contends that the essence of the underlying dispute is based on an alleged "sham foreclosure auction conducted amongst the defendants in the underlying lawsuit, in which the defendants accepted the bid of [Williams], but refused to deliver the property."[3] In his second amended original petition, Williams brought causes of action for declaratory judgment, specific performance, fraud, and civil conspiracy against relators. By his amended supplemental pleading, Williams included additional causes of action for fraudulent inducement and deceptive trade practices, and specified that he was seeking treble damages under the Texas Deceptive Trade Practices Act ("DTPA") and exemplary damages under the Texas Civil Practice and Remedies Code. *See* TEX. BUS. & COM. CODE ANN. § 17.50(b)(1) (West, Westlaw through 2015 R.S.); TEX. CIV. PRAC. & REM. CODE ANN. § 41.002(d) (West, Westlaw through 2015 R.S.),

During the course of the case, relators moved for traditional and no-evidence summary judgment on grounds that: Williams's claims were barred by res judicata and collateral estoppel, the alleged foreclosure sale was void because Williams never tendered payment; the statute of frauds bars Williams's claims; Williams's claims for monetary damages were barred because the foreclosure sale was void; Williams's claims

---

[3] The defendants in the underlying lawsuit include Ming Chu Chang, American First National Bank, Ken Moore a/k/a Ken Mok, Yuk Lin Mok Lu a/k/a Yuk Lin Lu, and Jorge Gonzalez III. The counterclaimant in the underlying lawsuit is George West 59 Investments, Inc. The facts underlying this original proceeding are detailed in an opinion arising from a related case: *In re George W. 59 Inv., Inc.*, 526 B.R. 650 (N.D. Tex. 2015).

2

for common law fraud and deceptive trade practices were groundless because they were based on a breach of an alleged oral real estate contract; and Williams had no evidence to support his causes of action for fraud, conspiracy, violations of the DTPA, or breach of contract. On April 6, 2015, the trial court denied relators' motion for traditional and no-evidence summary judgment.

The parties engaged in discovery, and, after being unable to resolve their differences, Williams filed a motion to compel discovery against relators. At issue in this original proceeding, Williams sought to compel responses to requests for production which sought copies of "all documents evidencing your income, including but not limited to complete copies of your federal income tax returns, including W-2's, 1099's, and books of accounting, for both you individually, and any and all entities in which you own an interest." Relators' responses to these requests for production included the objection that the requests were "overbroad, irrelevant, burdensome, and harassing." Relators' response to Williams's motion to compel argues only that relators' income is "completely irrelevant to any issue to be tried in this case."

At the hearing on Williams's motion to compel, the trial court agreed with relators that the requests were overbroad, burdensome and harassing, expressly denied Williams's requests for "books of accounting" as vague, and limited the relators' production of documents to years 2013 and 2014. In relevant part,[4] the trial court's order compelling production reads as follows:

> ORDERED ADJUDGED and DECREED THAT Defendants' objection to production of their income tax returns . . . as "irrelevant" is hereby OVERRULED and Defendants . . . are ordered to produce their personal income tax returns for the years 2013 and 2014, as well as the

---

[4] The order contains other provisions requiring the production of discovery which are not at issue in this original proceeding.

3

income tax returns for tax year[s] 2013 and 2014 for any entity in which Defendants . . . own an interest.

This original proceeding ensued. By three issues, which we have restated, relators contend: (1) Williams cannot recover actual damages or exemplary damages, so relators' net worth is irrelevant; (2) assuming that relators' net worth is relevant, Williams has not met his burden to show that the tax returns are discoverable; and (3) mandamus is appropriate to correct the production of irrelevant information.

This Court granted temporary relief staying the production of the documents at issue and requested that Williams, or any others whose interest would be directly affected by the relief sought, including but not limited to American First National Bank or George West 59 Investments, Inc., file a response to the petition for writ of mandamus. The Court has received a response to the petition from Williams and a reply thereto from relators. The Court has also received a response from American First National Bank filed in support of relators' petition for writ of mandamus.

## II. MANDAMUS

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The scope of discovery is generally within the trial court's discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Parties may seek discovery

4

"regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . ." TEX. R. CIV. P. 192.3(a). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. However, a trial court abuses its discretion when it orders discovery exceeding the scope permitted by the rules of procedure. *In re CSX Corp.*, 124 S.W.3d at 152. Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

### III. MERITS-BASED ANALYSIS

In their first issue, relators argue that Williams may not recover either actual or exemplary damages, thus relators' net worth is irrelevant to any issue in the case. American First National Bank concurs with this contention and argues that Williams may not recover damages from a sale that has been determined to be void. In contrast, Williams argues that he has pleaded claims that support the imposition of exemplary damages and relators are in substance seeking mandamus review of the merits of the trial court order denying their motion for summary judgment.

A defendant's net worth is relevant in a suit involving exemplary damages. *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988) (orig. proceeding), *overruled on other grounds*, *Walker*, 827 S.W.2d at 843; *Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Therefore, in cases where punitive or exemplary damages may be awarded, parties may discover and offer evidence of a defendant's net worth. *Lunsford*, 746 S.W.2d at 472–73; *In re Beeson*, 378 S.W.3d

5

8, 11 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding [mand. denied]); *In re Islamorada Fish Co. Tex.*, 319 S.W.3d 908, 912 (Tex. App.—Dallas 2010, orig. proceeding) (op. on reh'g); *see also In re Arnold*, No. 13-12-00619-CV, 2012 WL 6085320, at *6 (Tex. App.—Corpus Christi Nov. 30, 2012, orig. proceeding [mand. dism'd]) (mem. op.).

A party seeking discovery of net worth information in a suit involving the recovery of exemplary damages need not satisfy any evidentiary prerequisite or make a prima facie showing of an entitlement to exemplary damages before discovery is permitted. *See Lunsford*, 746 S.W.2d at 472–73; *In re Jacobs*, 300 S.W.3d 35, 40–41 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.—Eastland 2008, orig. proceeding); *In re Garth*, 214 S.W.3d 190, 192 (Tex. App.—Beaumont 2007, orig. proceeding [mand. dism'd]); *In re CFWC Religious Ministries, Inc.*, 143 S.W.3d 891, 896 (Tex. App.—Beaumont 2004, orig. proceeding); *In re W. Star Trucks US, Inc.*, 112 S.W.3d 756, 763 (Tex. App.—Eastland 2003, orig. proceeding); *Al Parker Buick Co. v. Touchy*, 788 S.W.2d 129, 131 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding); *see also In re Martinez*, No. 13-10-00589-CV, 2010 WL 5541700, at *1 (Tex. App.—Corpus Christi Dec. 22, 2010, orig. proceeding [mand. dism'd]) (mem. op.); *In re Shaw*, No. 13-10-00487-CV, 2010 WL 4264796, at *1 (Tex. App.—Corpus Christi Oct. 27, 2010, orig. proceeding [mand. dism'd]) (mem. op.). However, net worth is not a relevant matter in the absence of pleadings that sufficiently allege that the defendant is liable for exemplary damages. *In re Islamorada Fish Co. Tex.*, 319 S.W.3d at 912; *Al Parker Buick Co.*, 788 S.W.2d at 131.

Texas follows the "fair notice" standard for pleadings, which determines whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *In re Jacobs*, 300 S.W.3d at 40–41; *see* TEX. R. CIV. P. 45(b), 47(a). The purpose of this rule is to give the opposing party sufficient information to prepare a defense. *Horizon/CMS Healthcare Corp. of Am. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). In addition to the general "fair notice" pleadings standard provided by Rules 45 and 47, Rule 56 states that "[w]hen items of special damage are claimed, they shall be specifically stated." TEX. R. CIV. P. 56. Thus, the recovery of exemplary damages must be "supported by express allegations." *Marin v. IESI TX Corp.*, 317 S.W.3d 314, 332 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *In re Jacobs*, 300 S.W.3d at 43; *Al Parker Buick Co.*, 788 S.W.2d at 130.

In the instant case, Williams has raised causes of action for, inter alia, fraud and deceptive trade practices in connection with precise and detailed factual allegations regarding the real estate transaction at issue. In an action for common law fraud, the plaintiff can recover exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a)(1) (West, Westlaw through 2015 R.S.); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). In an action for violations of the DTPA, the plaintiff cannot recover exemplary damages under chapter 41. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.002(d) (West, Westlaw through 2015 R.S.); TEX. BUS. & COM. CODE ANN. § 17.50(g) (West, Westlaw through 2015 R.S.); *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 304 n.6.[5] However, the DTPA authorizes the recovery of treble damages for conduct that

---

[5] Williams has clearly pleaded causes of action for fraud and violations of the DTPA and has expressly stated that he is seeking recovery under the DTPA and under Chapter 41 of the Texas Civil

7

was committed knowingly. TEX. BUS. & COM.CODE ANN. § 17.50(b)(1) (West, Westlaw through 2015 R.S.).

Williams expressly invokes both the civil practice and remedies code and the DTPA act in pleading his claim for exemplary damages and treble damages. Under Texas's basic pleadings requirements, Williams's live pleadings sufficiently allege specific facts supporting the imposition of exemplary damages for the purposes of showing that he is entitled to discovery of net worth information from the relators. *See* TEX. R. CIV. P. 56; *Marin*, 317 S.W.3d at 332; *In re Jacobs*, 300 S.W.3d at 43; *Al Parker Buick Co.*, 788 S.W.2d at 130; *see also In re Islamorada Fish Co. Tex., L.L.C.*, 319 S.W.3d at 912.

While relators invite us to review Williams's claims on the merits, Williams is not required to provide a prima facie showing regarding his entitlement to exemplary damages. *See Lunsford*, 746 S.W.2d at 472–73; *In re Jacobs*, 300 S.W.3d at 40–41; *In re House of Yahweh*, 266 S.W.3d at 673; *see also In re Martinez*, 2010 WL 5541700, at *1; *In re Shaw*, 2010 WL 4264796, at *1. Moreover, to the extent that relators are effectively seeking a merits-based review of the trial court's denial of their motion for summary judgment, we note that mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465–66 (Tex. 2008) (orig. proceeding); *In re ConocoPhillips Co.*, 405 S.W.3d 93, 95 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). Relators have not shown that extraordinary circumstances justify granting mandamus relief on

---

Practice and Remedies Code. We do not address herein whether Williams's claims for exemplary damages are sufficiently pleaded under other statutory schemes. *See, e.g.,* TEX. BUS. & COM. CODE ANN. § 27.01 (West, Westlaw through 2015 R.S.) (authorizing the recovery of exemplary damages for fraud in real estate and stock transactions).

grounds that the trial court erroneously denied their motion for summary judgment. *See, e.g., In re United Servs. Auto. Ass'n*, 307 S.W.3d at 314. Expressing no opinion on the merits of the trial court's order denying relators' motion for summary judgment, we hold that mandamus does not lie to provide a merits-based review of the discovery order at issue. *See id.*; *see also In re Booth*, No. 14-14-00637-CV, 2014 WL 5796726, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21, 2014, orig. proceeding [mand. dism'd]) (mem. op.) ("A discovery mandamus cannot be used to obtain an advance adjudication of the merits."); *In re Citizens Supporting Metro Solutions, Inc.*, No. 14-07-00190-CV, 2007 WL 4277850, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.) (same).

We conclude that because Williams seeks exemplary damages, he is entitled to discovery of relators' current net worth. *In re Arpin Am. Moving Sys., LLC*, 416 S.W.3d 927, 929 (Tex. App.—Dallas 2013, orig. proceeding); *In re Islamorada Fish Co. Tex.*, 319 S.W.3d at 912. Accordingly, we overrule relators' first issue.

## IV. BURDEN OF PROOF

By their second issue, relators contend, in the alternative, that Williams failed to meet his burden to obtain discovery of their income tax returns. Relators argue that they timely objected to the requests for production at issue on grounds that the tax returns were "irrelevant" and thus shifted the burden to Williams to show that their income tax returns would show both: (1) their current net worth; and (2) that the information could not be obtained from some other source. In contrast, Williams asserts that he has adequately shown the relevance of the relators' net worth through his pleadings seeking exemplary damages.

9

Discovery regarding net worth must be narrowly crafted to show current net worth. *In re House of Yahweh*, 266 S.W.3d at 673 (holding that the trial court erred by requiring production of previous years' balance sheets and other documents that did not show net worth); *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 712–15 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (holding that a trial court abuses its discretion by ordering the production of financial records "that would not necessarily evidence" net worth); *In re Garth*, 214 S.W.3d at 192 (holding that the trial court erred by requiring production of income statements because they would not show current net worth); *see also In re Ameriplan Corp.*, No. 05-09-01407-CV, 2010 WL 22825, at *1 (Tex. App.—Dallas Jan. 6, 2010, orig. proceeding) (mem. op.) (holding that the trial court erred in ordering the production of documents that did not show current net worth, including income statements and old balance sheets). A trial court abuses its discretion in ordering the production of historical net worth information. *In re Garth*, 214 S.W.3d at 192; *see also In re Shaw*, 2010 Tex. App. LEXIS 8744, at *7 ("Moreover, discovery regarding net worth must be narrowly crafted to show current net worth.").

"Income tax returns are discoverable to the extent they are relevant and material to the issues presented in the lawsuit." *Hall v. Lawlis*, 907 S.W.2d 493, 494–95 (Tex. 1995). Although income tax returns are not necessarily indicative of net worth, they nevertheless may be relevant to discovering net worth. *See, e.g., In re CRWC Religious Ministries, Inc.*, 143 S.W.3d at 896; *see also In re Garth*, 214 S.W.3d at 193 ("Because tax returns do not necessarily show an individual's net worth, a tax return is not automatically discoverable."); *Chamberlain v. Cherry*, 818 S.W.2d 201, 205–06 (Tex. App.—Amarillo 1991, orig. proceeding) (stating that income tax returns are not

10

necessarily indicative of net worth because they only show income for each year for which the returns are filed)). With regard to the discovery of federal income tax returns, however, the Texas Supreme Court has cautioned us that:

> Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between the litigants outweighs protection of their privacy. But sacrifices of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy.

*Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding). Stated otherwise, tax returns may be discovered when the "pursuit of justice between litigants outweighs protection of their privacy." *Id.* Accordingly, when a party objects to the production of tax returns, unlike the production of other financial records, the party seeking to obtain the tax returns has the burden to show that they are relevant and material to the issues in the case. *In re Beeson*, 378 S.W.3d 8, 12 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding); *In re Patel*, 218 S.W.3d 911, 918 (Tex. App.—Corpus Christi 2007, orig. proceeding); *In re Sullivan*, 214 S.W.3d 622, 624 (Tex. App.—Austin 2006, orig. proceeding); *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 779 (Tex. App.—San Antonio 1994, orig. proceeding). Income tax returns may not be subject to discovery when they would be duplicative of other information regarding net worth that has already been produced. *Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1991) (orig. proceeding) (per curiam). Further, income tax returns may not be discoverable when there are other adequate methods to determine net worth. *See In re Williams*, 328 S.W.3d 103, 116–17 (Tex. App.—Corpus Christi 2010, orig. proceeding); *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 713–15 (Tex. App.—Houston [1st Dist.] 2008); *In re Garth*, 214 S.W.3d at 194.

11

We agree with relators that Williams has not met his burden of proof to obtain the discovery of the relators' income tax records. In sum, for Williams to prevail in his request to obtain relators' income tax returns, he must carry his burden to show that the tax returns he seeks are relevant and would not duplicate information already provided or available through other less-intrusive means. *In re Beeson*, 378 S.W.3d at 12; *In re Patel*, 218 S.W.3d at 919; *In re Sullivan*, 214 S.W.3d at 624–25; *El Centro del Barrio*, 894 S.W.2d at 780; *Chamberlain*, 818 S.W.2d at 207; *see also Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 331 (Tex. 1993) (Gonzalez, J. concurring) ("[T]rial courts should not allow discovery of private financial records, such as tax returns, when there are other adequate methods to ascertain net worth. . . .").

Williams has shown that relators' net worth is relevant to his claim for exemplary damages, and on this record, relators have produced no other documentation regarding their net worth. However, Williams has neither argued nor shown that relators' net worth information cannot be discovered through other, less-intrusive means than their federal income tax returns. *See In re Beeson*, 378 S.W.3d at 13 (rejecting "conclusory" allegations that party had sought attempted less intrusive means to discover tax returns); *In re Patel*, 218 S.W.3d at 918 (denying the discovery of federal income tax returns where pending discovery might provide the information sought); *In re Sullivan*, 214 S.W.3d at 623 (denying the discovery of tax returns where the requesting party "did not attempt to use (or explain why it could not use) interrogatories, depositions, or any other discovery device"); *El Centro del Barrio*, 894 S.W.2d at 780 (denying the discovery of tax returns because the plaintiffs failed to meet their burden "to establish relevancy and an inability to discover the information sought from other sources"); *Chamberlain*, 818 S.W.2d at 207

12

(denying the discovery of income tax returns because party seeking to obtain tax returns did not attempt to obtain other evidence of net worth, such as financial statements, and made no showing that tax returns were relevant to determination of party's financial position).

Based on the record before us, Williams has not attempted to discover evidence regarding relators' net worth through any means other than their federal income tax returns and has not attempted to show that relators' net worth information cannot be obtained by other records. Accordingly, Williams has not shown that he is entitled to production of relators' income tax returns. *See In re Beeson*, 378 S.W.3d at 13; *In re Sullivan*, 214 S.W.3d at 623; *In re Patel*, 218 S.W.3d at 918; *El Centro del Barrio*, 894 S.W.2d at 780; *Chamberlain*, 818 S.W.2d at 207. We sustain relators' second issue.

## V. ADEQUACY OF REMEDY BY APPEAL

Having concluded that the trial court abused its discretion in ordering the production of relators' federal income tax returns, we next address relators' third issue in which they contend that mandamus is proper because they lack an adequate remedy by appeal. According to the Texas Supreme Court, "privacy once broken by the inspection and copying of income tax returns by an adversary cannot be retrieved." *Maresca*, 362 S.W.2d at 301. Thus, when a trial court erroneously compels production of an individual's tax returns, appeal is an inadequate remedy and mandamus relief is proper. *See Hall*, 907 S.W.2d at 495; *In re Brewer Leasing, Inc.*, 255 S.W.3d at 714. We sustain relators' third issue.

## VI. CONCLUSION

13

The Court, having examined and fully considered the petition for writ of mandamus, the responses thereto, and the reply, is of the opinion that relators have shown themselves entitled to relief. In so ruling, we emphasize that this ruling is based solely on the pleadings and evidence that were before the trial court and are before this Court, and we express no opinion herein regarding the resolution of any future discovery disputes that might arise during the conduct of this case. Specifically, we express no opinion regarding whether, after additional discovery, the tax returns could be subject to discovery. *See In re Patel*, 218 S.W.3d at 919; *Kern v. Gleason*, 840 S.W.2d 730, 737–38 (Tex. App.—Amarillo 1992, orig. proceeding).

We lift the stay previously imposed by this Court. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant the petition for writ of mandamus and direct the trial court to withdraw that portion of its July 7, 2015 order requiring the production of relators' tax returns. The writ will issue only if the trial court fails to comply.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
8th day of October, 2015.