

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-19-00395-CV

**IN RE DAYBREAK COMMUNITY SERVICES TEXAS, LLC AND**
**DAYBREAK COMMUNITY SERVICES, INC.**

**Original Proceeding**

**MEMORANDUM OPINION**

Relators Daybreak Community Services Texas, LLC and Daybreak Community Services, Inc. (collectively "Daybreak") file this original mandamus proceeding seeking to vacate an order entered by the Honorable Kyle Hawthorne, Presiding Judge of the 85th Judicial District Court of Brazos County, that granted a motion to allow discovery of Daybreak's net worth filed by Real Party in Interest Shawn Thompson ("Thompson"), as guardian of the person and estate of Alice Thompson ("Alice"). We deny Daybreak's petition.

## I. Background

Thompson sues Daybreak as a result of the sexual assault of Alice at the hands of another patient at Daybreak's day habilitation facility, David Mack ("Mack"). At the time of the assault, Alice was sixty-three years old, had an IQ of 20, and was non-verbal. Alice functioned on the level of an eighteen-month-old child. Mack also possesses intellectual disabilities, leaving him with an IQ of forty and the functional capabilities of someone between two and six years of age.

Staff reports noted that on March 1, 2016, Mack led or followed Alice into a bathroom at Daybreak's day habilitation facility and locked the door behind them. Staff noticed Alice was missing and discovered the locked bathroom. When staff managed to open the door, they found Alice over the toilet with Mack behind her "with his penis in her." Mack has a history of sexually inappropriate behavior during his residence at Daybreak.

In his lawsuit, Thompson seeks exemplary as well as actual damages as a result of Alice's injuries from the sexual assault. Thompson sought discovery of Daybreak's net worth, and Daybreak objected to providing this information on the ground that Thompson was not entitled to exemplary damages under the applicable statutes. Thompson filed a motion to allow discovery of net worth that the trial court granted after a hearing. The trial court's written order notes that Thompson demonstrated a substantial likelihood of success on the merits of his claim for exemplary damages. Daybreak then filed the present petition for writ of mandamus, and we granted Daybreak's motion to stay further proceedings.

## II. Issues

Daybreak asserts that the trial court abused its discretion in granting Thompson's motion because: (1) information regarding its net worth is not relevant and not discoverable because exemplary damages are not recoverable under § 41.005(a) of the Civil Practice and Remedies Code; (2) Thompson failed to show a substantial likelihood that he would succeed on the merits of his exemplary damages claim because he failed to show that any of the statutory exceptions to § 41.005(a) apply; and (3) Thompson has repeatedly alleged in the pleadings and exhibits that the harm to Alice was caused by the criminal acts of Mack.

Thompson asserts that Mack's encounter with Alice should not be considered a "criminal act" because Mack lacks the intellectual capability to be held criminally responsible for his actions. Thompson alternatively argues that if Mack's conduct is considered an assault or other criminal act, then Daybreak may still be liable for exemplary damages as a "party."

## III. Mandamus

Mandamus is an extraordinary remedy that will issue "only if the trial court clearly abused its discretion and the relator has no adequate remedy on appeal." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (*per curiam*); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is "arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "A trial court has no 'discretion' in

determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ." *Id.*; *In re Nationwide*, 494 S.W.3d at 712. Even when the legal question confronting the trial court is one of first impression, such as regarding an unsettled area of law, the trial court abuses its discretion when it makes an erroneous legal conclusion. *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996); *see also Marrs v. Marrs*, 401 S.W.3d 122, 124 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (*per curiam*); *In re Western Dairy Transport, L.L.C.*, 574 S.W.3d 537, 544 (Tex. App.—El Paso 2019, orig. proceeding [mand. denied]). When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Colonial Pipeline*, 968 S.W.2d at 941. The rules governing discovery do not require as a prerequisite that the information sought be admissible evidence; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a). Nevertheless, a trial court's ruling that requires production of information beyond what our procedural rules permit is an abuse of discretion. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (*per curiam*); *see also In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding).

## IV. Net Worth

A defendant's net worth is relevant in a suit involving exemplary damages. *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988) (orig. proceeding), *overruled on other grounds*, *Walker*, 827 S.W.2d at 842; *see also Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Conversely, "when punitive damages clearly are not recoverable, information about net worth is not relevant and, as a result, not discoverable." *In re Islamorada Fish Co. Texas, L.L.C.*, 319 S.W.3d 908, 912 (Tex. App.—Dallas 2010, orig. proceeding).

> Section 41.0115 of the Civil Practice and Remedies Code provides:
>
> (a)     On the motion of a party and after notice and a hearing, a trial court may authorize discovery of evidence of a defendant's net worth if the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages. Evidence submitted by a party to the court in support of or in opposition to a motion made under this subsection may be in the form of an affidavit or a response to discovery.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.0115(a). Exemplary damages are not, however, recoverable in an action that arises from harm "resulting from an assault, theft, or other criminal act . . . of another." TEX. CIV. PRAC. & REM. CODE ANN. § 41.005(a).

Thompson argues that § 41.005(a) does not apply because: (1) the first and second amended petitions deny that the encounter between Mack and Alice was an assault or other criminal act; and, in the alternative, (2) Daybreak was a party to Mack's act under the Penal Code. Assuming without deciding that Mack's actions constituted an assault or other criminal act, Daybreak may nevertheless be liable for exemplary damages under

the provisions of Chapter 7 of the Penal Code if it was a party to Mack's criminal act. *Id*. at § 41.005(b)(2).

Section 7.02 of the Penal Code outlines the circumstances when a person may be criminally responsible for the conduct of another. *See* TEX. PEN. CODE ANN. § 7.02. A corporation's criminal liability is addressed in § 7.22, which provides that a business entity is criminally responsible for the criminal act of a third party "only if its commission was authorized, requested, commanded, performed, or recklessly tolerated by: (1) a majority of the governing board acting on behalf of the corporation . . . or (2) a high managerial agent acting in behalf of the corporation . . . and within the scope of the agent's office or employment." *Id*. at § 7.22. A "high managerial agent" is defined as a partner, officer, or "an agent of a corporation or association who has duties of such responsibility that his conduct reasonably may be assumed to represent the policy of the corporation or association." *Id*. at § 7.21.

In the second amended original petition, Thompson identifies individual defendants Jo Lynn Dunn, Victoria Villeda, and Shirley Cotton as high managerial agents of Daybreak. Dunn is identified as Daybreak's Area Director, Safety Coordinator, and a Rights Committee Team Member. Cotton is described as Daybreak's Day Habilitation Director, and Villeda is described as Alice's case manager or "support manager." In addition to the pleadings, there was some evidence before the trial court that at least Dunn could be considered a high managerial agent for Daybreak. Sharon Meichell "Shelly" Heck, Daybreak's Director of Quality Assurance, testified during her deposition that Dunn, as the area director, had authority to decide such things as employee wages

in conjunction with the regional director. This is some indication that Dunn's position was more than that of a supervisor. There is nothing in the record before the trial court to contradict Thompson's identification of Dunn as a high managerial agent of Daybreak.

Daybreak argues that Thompson failed to adequately present this issue to the trial court. However, the issue was specifically raised in Plaintiff's Brief in Support of Motion to Allow Discovery of Net Worth.

### V. Conclusion

Daybreak has failed to establish that the trial court abused its discretion in granting Thompson's motion to allow discovery of net worth. We therefore deny Daybreak's petition for writ of mandamus. The stay previously entered in this case is lifted.


REX D. DAVIS
Justice


Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
(Chief Justice Gray dissenting)
Petition denied and stay lifted
Opinion delivered and filed February 26, 2020
[OT06]

